UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

O'DELL'S BAY CONDOMINIUM ASSOCIATION, INC.
W5240 NORTH OSPREY DRIVE
NEW LISBON, WI 53950

                Plaintiff,

                Case No.: 22-CV-____

v.

STATE FARM FIRE AND CASUALTY COMPANY
ONE STATE FARM PLAZA
BLOOMINGTON, IL 61710

                Defendant.
_____

**COMPLAINT**
_____

Plaintiff O'Dell's Bay Condominium Association, Inc. by its attorneys, Mayer, Graff & Wallace LLP, alleges as follows:

**THE PARTIES**

1. The Plaintiff O'Dell's Bay Condominium Association, Inc. is a non-stock corporation of unit owners of O'Dell's Bay Condominiums ("O'Dell's") with a primary place of business and corporate office located at W5240 North Osprey Drive, New Lisbon, WI 53950.

2. The defendant State Farm Fire and Casualty Company ("State Farm") is and was at all relevant times a foreign insurance corporation organized, incorporated, and domiciled in the State of Illinois and with its principal place of business and corporate offices located at One State Farm Plaza, Bloomington, IL 61710; and qualified and registered to do business in the State of Wisconsin with a registered agent for service of process at Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

3. At all relevant times, State Farm issued an insurance policy that provided coverage for property damage to O'Dell's condominium building ("Covered Property").

## JURISDICTION & VENUE

4. The underlying claim which is the basis for the Complaint arose out of property damage to the Covered Property as a result of a hailstorm on June 2, 2020.

5. Pursuant to 28 U.S.C. § 1332(a), jurisdiction is proper because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C § 1391(b), venue is proper because the events or omissions giving rise to the underlying claim occurred in, and the Covered Property is located in, Adams County, Wisconsin, inside the Western District of Wisconsin.

## GENERAL ALLEGATIONS

7. The Covered Property are condominium buildings.

8. On June 2, 2020, a major hailstorm event occurred over an area including New Lisbon, WI, that damaged the Covered Property.

9. In the Fall of 2021, O'Dell's discovered damage to the Covered Property and made a claim with State Farm for that damage to the Covered Property.

10. State Farm was able to investigate the claim and per a letter from State Farm dated November 9, 2021 (Ex. A), confirmed hail damage to the covered property caused by the hailstorm of June 2, 2020.

11. State Farm created an estimate to repair the damage caused to the Covered Property, but refused to pay the claim.

2

12. The basis for State Farm's refusal to pay the claim is stated in a letter from State Farm to O'Dell's dated November 9, 2021, where State Farm indicated that the claim was not made within the year of the date of loss, while at the same time acknowledging that State Farm's policy issued to O'Dell's gave O'Dell's two years to bring a legal action against State Farm. State Farm also indicated that Wis. Stat. § 631.81 barred O'Dell's claim while at the same time acknowledging that State Farm was not prejudiced in its investigation because of O'Dell's delay between the date of loss and making the insurance claim.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

13. At all relevant times, State Farm insured O'Dell's property for damages, as described in the preceding paragraphs. The policy of insurance was a valid and binding contract between the parties.

14. O'Dell's did comply with all terms and obligations of the Policy with regard to the above-described insurance claim.

15. Despite O'Dell's cooperation, State Farm breached the policy by failing, among other things, to:

    a. Properly and timely adjust the underlying claim;

    b. Conduct a diligent investigation;

    c. Relay accurate information concerning the terms and conditions of the policy;

    d. Issue timely payment of the underlying claim in an appropriate amount to repair the significant structural damage;

    e. Assist O'Dell's efforts to obtain timely payment of the subject claim;

    f. Acknowledge and indemnify O'Dell's for all damages arising out of the hailstorm described above;

      g.      Cure its breach of the policy despite O'Dell's demands; and

      h.      Any other acts or omissions to be shown at trial on the merits.

16.    As a direct and proximate result of State Farm's breach of the Policy and non-compliance with Wisconsin laws governing the insurance industry, O'Dell's has suffered and will continue to suffer damages, including, but not limited to, those described in this Complaint.

## SECOND CAUSE OF ACTION – BAD FAITH

17.    By virtue of the policy of insurance issued by State Farm to O'Dell's, State Farm owed certain express and implied duties to O'Dell's, including, but not limited to:

      a.      a duty of good faith and fair dealing;

      b.      a duty to act in the insured's best interests;

      c.      a duty to promptly acknowledge communications with respect to claims;

      d.      a duty to promptly perform claim investigation services;

      e.      a duty to provide necessary information and instructions to the insured for compliance and submission of claims;

      f.      a duty to attempt in good faith to effectuate a fair and equitable settlement of claims;

      g.      a duty to provide prompt and reasonable explanation of the basis in the policy or applicable law for any delay or denial of benefits;

      h.      a duty to refrain from requiring the insured to initiate a lawsuit to recover amounts due and owing under the policy;

      i.      a duty to promptly pay any undisputed or irrefutable loss in a timely fashion; and

      j.      a duty to properly represent the terms and conditions of the policy.

18. State Farm and/or its authorized agents has breached the above duties and obligations owed to O'Dell's by failing or refusing to acknowledge the significant damages to the Covered Property and make payment for said damages in a timely fashion.

19. State Farm has breached the implied covenant of good faith and fair dealing by, among other things, intentionally, wantonly, willfully and/or with reckless disregard for O'Dell's rights, refusing to pay for property damage arising out of the June 2, 2020 hailstorm in an absence of a reasonable basis for not paying those amounts.

20. State Farm has failed to proceed on O'Dell's insurance claim in a manner that is honest and informed and has acted in bad faith.

21. As a direct and proximate cause of State Farm's bad faith, O'Dell's is entitled to recover all losses due and owing under the policy, all other compensatory and/or pecuniary losses, reasonable attorney fees and costs, and punitive damages.

## THIRD CAUSE OF ACTION – PREJUDGMENT INTEREST

22. Wis. Stat. § 628.46 requires every insurer, including State Farm, to promptly pay every insurance claim within 30 days. Any claim that is not paid within 30 days after receipt of written notice of the loss and the amount of the loss is deemed overdue.

23. State Farm was furnished written notice of the fact of covered property damage to O'Dell's property.

24. State Farm was also furnished with information concerning the amount of the loss.

25. To the extent any portion of O'Dell's insurance claim is or was overdue, O'Dell's is entitled to 12 percent interest on the outstanding amounts.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For payment of any unpaid portion of the claim resulting from the hailstorm on June 2, 2020 described in this Complaint;

B. For all other damages sustained by Plaintiff as a result of Defendant's breach of the insurance policy;

C. For all other contractual or other benefits due and owing under the insurance policy;

D. For interest on any unpaid, overdue portion of the claim, pursuant to Wis. Stat. § 628.46;

E. For litigation and investigation costs, including actual attorney fees;

F. For punitive damages; and

G. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS**

Dated this 20th day of April, 2022.

        MAYER, GRAFF & WALLACE LLP

         */s/ Ryan R. Graff*

       By: _____
        Ryan R. Graff, Wisconsin SBN: 1051307
        Attorney for Plaintiff O'Dell's Bay Condominium Association, Inc.

Mailing Address
1425 Memorial Drive, Suite B
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
RGraff@mgwlawwi.com